1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

MICHAEL PALMASON and JUDITH FIEST,

11                        Plaintiffs,

12           v.

13     WEYERHAEUSER COMPANY, *et al.*,

14                        Defendants.

15

Case No.  C11-695RSL

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES

16

17

18

19

20

21

22

23

24

25

26

27

28

This matter comes before the Court on Plaintiffs' "Motion and Memorandum to Strike Certain of the Weyerhaeuser Defendants' Affirmative Defenses" (Dkt. # 169).  Plaintiffs request that the Court strike the following three affirmative defenses from the Weyerhaeuser Defendants' amended answer (Dkt. # 161): statute of limitations, request for recovery of costs and attorney's fees, and failure to exhaust administrative remedies.  The Weyerhaeuser Defendants have agreed to withdraw their affirmative defense seeking award of attorney's fees and costs.  As a result, the Court hereby STRIKES the Weyerhaeuser Defendants' ninth affirmative defense regarding recovery of attorney's fees and costs.

Having reviewed the parties' memoranda and supporting documents, and the remainder of the record, the Court finds as follows:

(1)  This dispute arises out of Plaintiffs' participation in the Weyerhaeuser Retirement

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO STRIKE- 1

1  Plan (the "Plan").  Plaintiffs allege that defendants invested a majority of the Plan assets in
2  "alternative investments," including hedge funds, private equity investments, and real estate
3  funds, which exposed the Plan to excessive risk and ultimately, significant losses.  Plaintiffs
4  assert claims that defendants breached their fiduciary duties under ERISA.

5       (2)  Federal Rule of Civil Procedure 12(f) allows the district court to "strike from a
6  pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous
7  matter."  Fed. R. Civ. P. 12(f).  The key to determining the sufficiency of pleading an affirmative
8  defense is whether it gives plaintiff fair notice of the defense.  Wyshak v. City Nat. Bank, 607
9  F.2d 824, 826 (9th Cir. 1979).  A defense is insufficient if it is unsupported by any facts that
10 would entitle the defendant to relief.  Qarbon.com Inc. v. eHelp Corp., 315 F.Supp.2d 1046,
11 1049 (N.D. Cal. 2004).

12      (3)  The Ninth Circuit has not yet decided whether the pleading standard of Bell Atlantic
13 Corporation v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009)
14 applies to affirmative defenses.  Although Plaintiffs are correct that at least one district court has
15 found the heightened pleading standard set forth in Twombly and Iqbal applies to affirmative
16 defenses, Barnes v. AT&T Pension Ben. Plan, 718 F.Supp.2d 1167, 1171-72 (N.D. Cal. 2010),
17 courts in this district have generally interpreted "fair notice" to require something far less than
18 the specificity required of a complaint under Twombly and Iqbal.  See U.S. v. Center for
19 Diagnostic Imaging, Inc., 2011 WL 6300174, at *2 (W.D. Wash. Dec. 16, 2011) (listing cases);
20 In re Wash. Mut., Inc., Secs., Derivative & ERISA Litigation, 2011 WL 1158387, at *1 (W.D.
21 Wash. March 25, 2011).  In order to strike an "insufficient" affirmative defense, Plaintiffs must
22 show that "there are no questions of fact, that any questions of law are clear and not in dispute,
23 and that under no set of circumstances could the defense succeed."  Cal. Dep't of Toxic
24 Substances Control v. Alco Pac., Inc., 217 F.Supp.2d 1028, 1032 (C.D. Cal. 2002).

25      (4) Plaintiffs argue that the Weyerhaeuser Defendants' second affirmative defense, that
26 Plaintiffs' claims are "barred in whole or in part by the applicable statute of limitations,

27
28 ORDER GRANTING IN PART AND
   DENYING IN PART MOTION TO STRIKE- 2

including ERISA Section 413, 29 U.S.C. § 1113," fails to provide facts sufficient to give notice of how Plaintiffs' claims are time-barred.  Motion (Dkt. # 169) at 3.  The Weyerhaeuser Defendants contend that the factual assertions and background provided in their amended answer offer more than enough notice regarding the basis of this affirmative defense.  Response (Dkt. # 174) at 7.

(5) In their amended answer, the Weyerhaeuser Defendants explained that

the Plan's investment policy, permitting investment in these 300-plus alternative investments that Plaintiffs decry, has been in place for more than 27 years.  Plaintiffs do not allege that the investment policy was amended in any material way in the three or six year period preceding the filing of this action (nor do they allege that the strategy has been concealed from them).  Rather, they concede repeatedly that the investment policy has been consistent in its investment approach, and only that any alleged *losses* resulting from the policy occurred in 2008.

Am. Answer to Sec. Am. Compl. (Dkt. # 161) at 49-50 (emphasis in original).  The Court finds that these factual allegations, combined with the allegations set forth in the Plaintiffs' second amended complaint provide both sufficient factual allegations and legal basis to give notice of the Weyerhaeuser Defendants' statute of limitations affirmative defense.  See Wyshak, 607 F.2d at 827 ("While the amended answer simply alleged that 'plaintiff's claims are barred by the applicable statute of limitations,' the attached memorandum made specific mention of [the state law] as the statute of limitations upon which [defendant] relied.").  The Court, therefore, DENIES Plaintiffs' motion to strike the Weyerhaeuser Defendants' second affirmative defense.

(6) With regard to the Weyerhaeuser Defendants' tenth affirmative defense, failure to exhaust administrative remedies, Plaintiffs contend that it fails as a matter of law because Plaintiffs are not required to exhaust administrative remedies before pursuing their breach of fiduciary duty claims.  Motion at 5-6.  Plaintiffs are correct, and the Weyerhaeuser Defendants concede, that usually a plaintiff pursuing statutory claims under ERISA, rather than claims for benefits, are not required to exhaust internal administrative remedies before bringing suit in federal court.  Graphic Commc'ns Union v. GCIU-Emp'r Ret. Benefit Plan, 917 F.2d 1184, 1187 (9th Cir. 1990); Fujikawa v. Gushiken, 823 F.2d 1341, 1346 (9th Cir. 1987).  The

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO STRIKE- 3

1   Weyerhaeuser Defendants contend that Plaintiffs claim entitlement to lump-sum benefits under
2   the Plan.  Response at 9.  Therefore, Weyerhaeuser Defendants argue, to the extent Plaintiffs
3   seek recovery of those benefits under the Plan, they have failed to exhaust administrative
4   remedies.  Id.  In response to this argument, Plaintiffs clarify that "all the *claims* asserted in the
5   Complaint are for violations of statutory provisions of ERISA...and none seek(sic) claims for
6   benefits under the terms of the Plan."  Reply (Dkt. # 176-1) at 6 (emphasis in original).

7        (7) The Court agrees with Plaintiffs, that each one of their claims asserts a statutory
8   violation.  Sec. Am. Compl. ¶¶ 213-65.  Furthermore, Plaintiffs seek remedies provided by
9   statute, not recovery of any lump-sum benefits under the Plan.  Id. at 62-64.  Therefore, the
10  Court finds that the Weyerhaeuser Defendants' tenth affirmative defense, although sufficient to
11  give Plaintiffs notice of the factual basis for the defense, is not applicable to Plaintiffs' claims
12  and should be stricken.  Alco Pac., Inc., 217 F.Supp.2d at 1042 (striking defendants' failure to
13  give notice defenses because there is no requirement under CERCLA that the government give
14  notice to potentially responsible parties).  Plaintiffs' motion to strike the Weyerhaeuser
15  Defendants' tenth affirmative defense, failure to exhaust administrative remedies, is GRANTED.

16

17       For all of the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART
18  Plaintiffs' motion to strike (Dkt. # 169).  The Weyerhaeuser Defendants' ninth and tenth
19  affirmative defenses are hereby STRICKEN.

20       DATED this 31st day of January, 2013.

21

22

23                          _MW S Lasnik_
24                          Robert S. Lasnik
                            United States District Judge
25

26

27

28  ORDER GRANTING IN PART AND
    DENYING IN PART MOTION TO STRIKE- 4