UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
MICHAEL PALMASON,                    )
                                     )   Case No. C11-0695RSL
                    Plaintiff,       )
            v.                       )
                                     )   ORDER DENYING MORGAN STANLEY'S
WEYERHAEUSER COMPANY, *et al.*,      )   MOTION TO DISMISS
                                     )
                    Defendants.      )
_____    )

This matter comes before the Court on "Defendant Morgan Stanley's Motion to Dismiss Plaintiffs' Second Amended Complaint" (Dkt. # 149) and the related "Request for Judicial Notice" (Dkt. # 151). Plaintiffs allege that Morgan Stanley manages a significant portion of the investments in the Weyerhaeuser Retirement Plan and breached its fiduciary duties to plaintiffs and other plan participants. In particular, plaintiffs allege that Morgan Stanley failed to adhere to the governing investment policy and guidelines with regards to the total exposure/risk of the trust's portfolio, consistently miscalculated the level of risk inherent in the hedge fund and private equity investments it chose, added additional risk to the portfolio by using derivatives and/or leverage, and selected so many complicated alternative investments for the plan that it was impossible to perform adequate due diligence on each to determine their actual level of risk. Plaintiffs allege that Morgan Stanley is not only liable for these breaches of fiduciary duty under ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B), but is also liable for the

breaches of Weyerhaeuser and its investment committee of which it knew but failed to remedy under ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3). Morgan Stanley moves to dismiss all of plaintiffs' claims on the grounds that plaintiffs have failed to provide sufficient factual detail to raise a plausible inference that Morgan Stanley mismanaged the plan assets, otherwise breached its fiduciary duties, or had actual knowledge of the breaches of its co-defendants.

**A. SCOPE OF REVIEW**

In support of its motion, Morgan Stanley offers a number of documents for the Court's consideration. In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint. Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). The Court may, however, consider documents referenced extensively in the complaint, documents that form the basis of plaintiffs' claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted. United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003).

Morgan Stanley has provided a copy of the Investment Management Agreement through which Morgan Stanley managed the plan assets and certain exhibits thereto. The agreement forms the basis of plaintiffs' claims, and plaintiffs have not challenged its authenticity. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds, Galbraith v. County of Santa Clara, 307 F.3d 1119, 127 (9th Cir. 2002). For purposes of this motion, the Court finds that the accuracy and authenticity of the agreement and attached exhibits are not reasonably in dispute, and they will therefore be considered.

Pursuant to Fed. R. Ev. 201, the Court may take judicial notice of facts that are "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court will take judicial notice of Weyerhaeuser's 2010 Form 10-K, the February 2009 United States Department of Labor Private Pension Bulletin Historical Tables and Graphs, and Weyerhaeuser's 2007 Form 5500. These

documents were filed with or produced by government agencies, plaintiffs have not challenged the authenticity of these documents, and their existence and contents can be ascertained by resort to public records. The factual statements and opinions contained therein have not been conclusively established, however, and plaintiffs may contest their accuracy in this litigation.

When determining whether plaintiffs have asserted a plausible claim for relief, the Court will not consider the various screen shots that purport to summarize and/or graph voluminous data gathered by private financial reporting services. While three of the screen shots are available on the internet from Yahoo! Finance, such publication does not make the screen shots public records as that phrase is normally understood and Morgan Stanley makes no attempt to show that Yahoo! Finance is a reliable internet source for the type of information provided. Nor does the Court have any means by which to confirm the accuracy of the underlying data or the manner in which it has been presented. As for the data produced by Bloomberg Professional Service, it is available by payment only and is not generally accessible or known.

**B. PLEADING STANDARD**

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558. A complaint may be lacking for one of two reasons: (i) absence of a cognizable legal theory or (ii) insufficient facts under a cognizable legal claim. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In ruling on a motion to dismiss, the Court must assume the truth of the plaintiffs' allegations and draw all reasonable inferences in the plaintiffs' favor. Usher v. City of Los

Angeles, 828 F.2d 556, 561 (9th Cir. 1987). The allegations must give rise to something more than mere speculation that plaintiff has a right to relief. Twombly, 550 U.S. at 555. The question for the Court is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Twombly, 550 U.S. at 570.

**C. ADEQUACY OF THE PLEADING**

Having reviewed the memoranda, declarations, and exhibits submitted by the parties (except for Exhibits B, E, F, and G to the Request for Judicial Notice),[1] the Court finds as follows:

Plaintiffs have adequately identified the alleged breaches of fiduciary duty and set forth specific facts in support of each breach. Although the conclusions reached are clearly subject to debate, the factual allegations are not conclusory. Morgan Stanley's preference for allegations tied exclusively to the assets it controls is understandable, but mathematical precision in the allocation of fault between and amongst all of the investment managers is not necessary given the nature of plaintiffs' claims. Plaintiffs' allegations of breach are based primarily on Morgan Stanley's failure to appropriately calculate and adjust for risk in the portfolio it managed. The allegations regarding out-of-control risk are supported by additional allegations regarding the nature of the investments Morgan Stanley chose, the difficulty in properly valuing them and evaluating risk, the sheer number of such investments, the time period over which these investments were maintained, comparisons of historic records, and a disclosed method of calculating what the beta actually was during the relevant time frame. Morgan Stanley obviously disagrees with the methodology used and conclusions drawn, but for purposes of Rule 8, it has adequate notice of plaintiffs' breach of fiduciary duty claims and the facts upon which they are based.

Nor are the allegations supporting the co-fiduciary liability claim defective.

---

[1] This matter can be decided on the papers submitted. Morgan Stanley's request for oral argument is, therefore, DENIED.

ORDER DENYING MORGAN STANLEY'S
MOTION TO DISMISS                                    -4-

1  Plaintiffs specifically allege actual knowledge.  Taken with the remainder of the allegations of
2  the Second Amended Complaint and the Investment Management Agreement, the allegations
3  raise a plausible inference that Morgan Stanley knew that the investment committee had adopted
4  guidelines emphasizing hedge fund and private equity investments and was aware of the
5  exposure/risk incurred by its fellow investment manager so that it could attempt to control
6  overall risk.  The issue is not whether plaintiffs will be able to prove co-fiduciary liability or
7  even whether they have alleged sufficient facts to give rise to a strong inference of knowledge
8  (as would be required under the Private Securities Litigation Reform Act).  Rather the issue is
9  whether plaintiff has alleged sufficient facts that give rise to a plausible claim for relief.  This
10 they have done.

12         For all of the foregoing reasons, Morgan Stanley's motion to dismiss (Dkt. # 149)
13 is DENIED and the related request for judicial notice (Dkt. # 151) is GRANTED in part and
14 DENIED in part.

16         Dated this 26th day of April, 2013.

                                     _____
                                     Robert S. Lasnik
                                     United States District Judge

ORDER DENYING MORGAN STANLEY'S
MOTION TO DISMISS                          -5-